IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**THELMA HENDERSON**                                                                       **PLAINTIFF**

**V.**                                                 **NO. 4:21-CV-163-DMB-DAS**

**JOBS FOR MISSISSIPPI**
**GRADUATES, INC.; and**
**DONALD COLEMAN, Individually**                               **DEFENDANTS**

**ORDER**

After Thelma Henderson sued Jobs for Mississippi Graduates, Inc. and Donald Coleman alleging employment-related claims of discrimination, retaliation, and tortious interference with employment, Coleman moved to dismiss the tortious interference claim against him. Because Henderson has failed to allege facts sufficient to support the tortious interference claim against Coleman, Coleman's motion to dismiss will be granted.

**I**
**Procedural History**

On December 7, 2021, Thelma Henderson filed a complaint in the United States District Court for the Northern District of Mississippi against Jobs for Mississippi Graduates, Inc. ("JMG") and Donald Coleman, individually. Doc. #1. The complaint alleges violations of the Family and Medical Leave Act and the Age Discrimination in Employment Act by JMG and a tortious interference of employment claim against Coleman, all stemming from Henderson's employment with and termination by JMG. *Id.* at 1, 6–9.

On January 19, 2022, Coleman filed a motion to dismiss "pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e)." Doc. #12. The motion is fully briefed. *See* Docs. #13, #16, #18.

## II
## Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

> To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only *conceivably* give rise to relief don't suffice.

*Smith v. Heap*, 31 F.4th 905, 910 (5th Cir. 2022). Thus, while the Court must "accept all well-pled facts as true," it "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018).

In deciding a Rule 12(b)(6) motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022).

## III
## Relevant Factual Allegations

On July 29, 2020, Thelma Henderson entered a contract of employment with JMG as a Job Specialist. Doc. #1 at ¶ 8. Pursuant to the contract, Henderson "was assigned at Riverside School in Washington County" where Donald Coleman was the principal. *Id.* at ¶¶ 9–10. Coleman was aware of Henderson's employment relationship with JMG. *Id.* at ¶ 64.

In early August of 2020, amid the COVID-19 pandemic, Henderson's medical provider,

Beth Eubank, informed Henderson that "her age placed her in a vulnerable category" and recommended she work from home. *Id.* at ¶ 18. Eubank sent documentation of the recommendation to Coleman on August 4, 2020, and again on August 13, 2020. *Id.* at ¶ 19.

"In response to these recommendations, in mid-August 2020, Mr. Coleman expressed frustration to [Henderson] about the idea of her working from home, because, according to him, others would want to do the same thing." *Id.* at ¶ 20. Coleman compromised with Henderson and allowed her to "work[] the first three periods at the school and then [go] home" but he "refused to allow her to fully work from home." *Id.* at ¶ 21. Henderson accepted the arrangement but Coleman "soon instructed [her] to stay longer than the previously agreed upon arrangement." *Id.* at ¶¶ 22–23.

On September 14, 2020, Coleman withdrew the arrangement. *Id.* at ¶ 24. This "led to him and [Henderson] getting into a verbal altercation" during which Coleman "demanded that [Henderson] resign." *Id.* at ¶¶ 24–25. Henderson informed Coleman "that she did not want to resign, but she planned to request a medical leave of absence." *Id.* at ¶ 26.

The same day as the verbal altercation with Coleman, Henderson was terminated "allegedly for 'refusing to perform assigned duties.'" *Id.* at ¶ 27. Henderson "denies the veracity of this allegation" and instead "contends Mr. Coleman was merely frustrated because [she] would not submit to his demand for her to jeopardize her health, and [she] continued to press the need for medical accommodations requested by her medical provider to be honored." *Id.* at ¶¶ 28–29.

**IV**
**Analysis**

Coleman moves to dismiss Henderson's state law claim against him for tortious interference with employment. *See* Doc. #13 at 4. Under Mississippi law, "[a]n action for interference with contract will ordinarily lie when a defendant maliciously interferes with a valid

3

and enforceable contract, thereby causing one party not to perform and resulting in injury to the other contracting party." *Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So.3d 721, 745 (Miss. 2019). "[A] claim for tortious interference with at-will contracts of employment [is] viable" in Mississippi. *Id.* at 746.

> To establish a claim for tortious interference with a contract, a party must show (1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted.

*Id.* at 745.

Coleman seeks dismissal of Henderson's tortious interference claim on the ground that Henderson's complaint does not contain sufficient factual content. Doc. #12 at 1. Specifically, Coleman argues Henderson fails to present "any specific allegations of misconduct" as to him such that "[t]he complaint is completely devoid of facts or details of what [she] claims [he] actually ***did*** that constituted 'interference.'"[1] Doc. #13 at 4–5.

Henderson responds that because she was terminated for refusing to perform duties and "the only discussion regarding her duties around the time of her termination was with … Coleman attempting to change their arrangement[,] … she is contending that … Coleman provided misleading information to her employer to have her terminated." Doc. #16 at 3. Henderson asserts she "can amend her complaint to provide that factual allegation" but argues "it is clear from the Complaint that [she] is alleging that … Coleman's representations to [her] employer caused her termination." *Id.*

Although Henderson's complaint alleges she was terminated for refusing to perform her

---

[1] Coleman submits additional bases for dismissal in his memorandum. *See* Doc. #13 at 5–8 (arguing Henderson's complaint "lacks any legal basis" and asserting defenses of privilege and immunity pursuant to the Mississippi Tort Claims Act).

4

duties and Coleman was "frustrated" with her, nothing in the complaint links her termination to Coleman or links Coleman's alleged frustration to her termination. Moreover, while Henderson asserts in her response to the motion to dismiss that Coleman "provided misleading information to her employer to have her terminated," the complaint, as it currently stands, contains no such allegation. So the Court agrees that the complaint does not contain any facts or details pertaining to "what Coleman actually did that constituted interference."

Because "[f]acts that only *conceivably* give rise to relief don't suffice,"[2] Henderson fails to allege sufficient facts to state a claim against Coleman for tortious interference with employment so the claim will be dismissed. However, because Henderson has represented she is capable and willing to amend her complaint in a manner which would avoid dismissal, dismissal will be without prejudice to Henderson seeking leave to amend. *See DZ Jewelry, LLC v. Certain Underwriters at Lloyds London*, 525 F. Supp. 3d 793, 802 (S.D. Tex. 2021) (granting dismissal without prejudice and allowing plaintiff leave to amend because "[w]hen a complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend before dismissal with prejudice"). In light of this ruling, the Court need not address Coleman's alternative request for a more definite statement.[3]

## V
## Conclusion

Coleman's motion to dismiss [12] is **GRANTED**. Henderson's tortious interference with

---

[2] *Smith*, 31 F.4th at 910.

[3] The Court further declines to address the additional grounds for dismissal asserted in Coleman's memorandum because if Henderson is granted leave to amend her complaint such that she sufficiently alleges a tortious interference claim, the Court's analysis of the additional grounds, if raised, may change significantly. Moreover, Coleman relies on matters outside the pleadings to support these additional grounds. *See* Docs. #12-1, #12-2, #12-5, #12-6. Such is improper for the Court to consider at the Rule 12(b)(6) stage to the extent they are not referenced in or attached to the complaint. *See George v. SI Grp., Inc.*, __F.4th__, 2022 WL 1817714, at *5 (5th Cir. June 3, 2022) ("[A] Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint.").

employment claim against Coleman is **DISMISSED without prejudice**. Within fourteen (14) days of the entry of this order, Henderson may seek leave to amend her complaint.

    **SO ORDERED**, this 14th day of June, 2022.

                                                  **/s/Debra M. Brown**
                                                  **UNITED STATES DISTRICT JUDGE**